FELIPE SOTO, Appellant, v. THE REGISTRAR OF PROPERTY OF PONCE, Respondent.

No. 1072. Submitted October 21, 1940.—Decided February 7, 1941.

*Angel Rivera Colón* for appellant. The registrar appeared by brief.

Mr. Justice Travieso delivered the opinion of the Court.

Appellant presented for its record in the Registry of Property of Ponce a certificate of purchase of real property issued by the Collector of Internal Revenue of Orocovis by which a farm which belonged to the taxpayer, Ceferino Rosario, was adjudicated to said appellant. The ruling of the registrar refusing to record, against which this administrative appeal has been filed, reads as follows:

"The record of this document is denied and the corresponding cautionary notice is granted for 120 days in favor of Felipe Soto, on page 73 of volume 42 of Barros, farm No. 2105, notice A, for the following reasons: (1) that the owner of this farm as he appears identified in its first recording (referred to in this document) that is, Ceferino Rosario, a widower, farmer, of age and a resident of Ciales, has not been made a party to the proceeding; (2) that in the event of the demise of the above mentioned Ceferino Rosario, his heirs have not been a party to the proceeding, nor have they recorded in their favor the farm that was sold at auction, and, (3) that this sale has not been notified in due form as required by Sections 347 and 348 of the Political Code. The farm is free of liens. The above mentioned cautionary notice was granted with the curable defect that the dimensions of the farm were not expressed according to the metric system."

The certificate in question specifies that the tax sale proceedings were instituted by the Department of Finance against the taxpayer, Ceferino Rosario, "whose personal circumstances and residence are unknown;" that in accord-

ance with the provisions of Section 339 of the Political Code permission was requested to attach real property of the above mentioned Ceferino Rosario and the attachment took place, being duly entered in the Registry of Property of Ponce; that after notice of the attachment had been entered in the registry, notification of the attachment of a farm of 17.50 *cuerdas* belonging to the taxpayer Rosario was ordered; that said attachment was notified to Rafael Arroyo *as a relative of age,* through the service of a copy of notification of attachment, in accordance with the provisions of Sections 336 and 342 of the Political Code; that notice by publication was made in the newspaper *"El Mundo"* of San Juan, twice a week during three consecutive weeks, and edicts were also set up announcing the sale at public auction; and in accordance with Section 315 of the Political Code, the sale itself was notified "to Ceferino Rosario or to his unknown heirs or successors in interest through publication had in *'El Imparcial'* of San Juan, during the days 14, 15, 16, 17, 18 and 20 of March, 1939."

From the registry of property it appears that the owner of the farm sold by the tax collector and adjudicated to the appellant is "Ceferino Rosario, of age, widower, farmer and a resident of Ciales."

The appellant maintains that the collector complied with all the formalities prescribed by the Political Code; that this is a case of an undivided inheritance without there appearing that it has been accepted or waived expressly, in which case the personality of the deceased is presumed to be existent and the sale of the farm must be considered to have been effected by the deceased himself; that in cases of undivided inheritances it is not necessary to make the heirs parties to the proceedings, as these are unknown, nor can the previous recording in the name of the heirs be required; and that notice of the sale, served by publication, "upon Ceferino Rosario or his unknown heirs or successors in interest" complied strictly with the provisions of Section 315 of the Political Code, as

there did not exist according to the registry any person with a mortgage or lien upon the property.

The respondent cites several cases in his brief in which the same respondent registrar refused to record certificates of sale, where the collector stated that he did not know the personal circumstances and residence of the taxpayer in default, in spite of the fact that in the registry there appeared said circumstances and the address or residence of the taxpayer.

The first question which we must consider and decide is the following: Is the registrar compelled to accept as valid and binding the statement of the collector to the effect that he does not know the personal circumstances and residence of the taxpayer when in the books of the registry under his direction, there appears the data which the collector alleges that he does not know? In the case at bar, the farm is situated in the township of Barros, now known as Orocovis, and is recorded in the registry, by virtue of a proceeding for dominion title, since June 17, 1929, in the name of Ceferino Rosario, widower, farmer, of age and a resident of Ciales.

The Department of Finance cannot allege that it does not know what appears from the registry of property with respect to farms attached and offered in public sale for default in the payment of taxes. Neither the collector nor the Department of Finance are authorized to consider as absent and of unknown residence the owner of a real property which has been attached and offered in sale to collect taxes, for the sole reason that the taxpayer in default resides in a place other than that in which the farm is situated. We are of the opinion that in the absence of facts which show that the collector took steps to find the taxpayer in the address stated in the registry and that said steps were fruitless, the registrar should not and cannot accept as valid and binding the statement of the collector to the effect that he is not acquainted with the residence of the taxpayer. See *Pérez* v. *Registrar,* 57 P.R.R.——.

■■ The second question raised in the ruling of the registrar is that in the event that Ceferino Rosario should have died, his heirs have not been made a party to the proceedings nor have they recorded in their favor the farm sold at auction.

Appellant alleges that "from the certificate it appears clearly that the Department of Finance did not know the residence of Ceferino Rosario, or of his heirs or successors in interest unknown. In other words, it appears as clearly as the light of day that we are dealing with a case of an undivided inheritance. *Figueroa* v. *Registrar*, 18 P.R.R. 255."

Neither from the registry nor from the documents does it appear that Ceferino Rosario has died. The registrar in his brief states that after he refused to record the certificate, he was informed of the death of Ceferino Rosario, but this Court is limited to the ruling of the registrar and cannot take into consideration any fact which appears for the first time in his brief. *Pérez* v. *Registrar*, 57 P.R.R.——; *Rivera* v. *Registrar*, 55 P.R.R. 99. It does not appear from the record that the registrar has been notified through official documents, that Rosario had died. Under such conditions it cannot be concluded that there is an inheritance, divided or undivided. The inclusion of the phrase "heirs or successors in interest" in the ruling of the registrar is probably due to the fact that the same appears in the certificate. The case of *Figueroa* v. *Registrar, supra,* is easily distinguishable. That case did not have to do with a tax sale, but instead with a complaint in court, an ordinary proceeding, and all the documents necessary to prove that there was an inheritance and a declaration of heirship were taken to the registry.

■ With respect to the failure to include the heirs in the proceeding, the reasoning set forth in regard to the first ground of the ruling, is applicable.

The third question raised is the result of the previous questions. If the proceeding was not followed correctly against Ceferino Rosario, neither was the result of the same notified correctly to him.

For the above mentioned reasons the appeal must be denied and the ruling appealed from affirmed.